IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAJA FOOD TECHNOLOGY, INC., *Plaintiff,* | : : : | CIVIL ACTION |
| v. | : : | No. 18-1852 |
| DANTECH UK, LTD, *Defendant.* | : : : | |

## MEMORANDUM

Plaintiff's claims arise from Defendant's alleged conduct in the manufacturing, selling, and installing of certain meat press systems that, according to Plaintiff, did not operate as represented by Defendant. On June 3, 2019, Defendant filed a Motion to Compel Production of Documents and Answers to Interrogatories. Plaintiff responded and the Court held a Rule to Show Cause Hearing on June 5, 2019.

## I. Background

The events giving rise to this suit involve Plaintiff selling two of Defendant's meat press systems to Original Philly Cheesesteak Co. ("OPCC") that allegedly did not operate properly. In its Complaint, Plaintiff asserted a damages claim for attorneys' fees. Defendant filed a Motion to Compel Production of Plaintiff's attorneys' billing statements.[1] ECF. No. 32. Defendant argues that

---

[1] In Defendant's Motion to Compel Production of Documents and Answers to Interrogatories, Defendant also requested (1) all of Plaintiff's service reports for Defendant's equipment, (2) all documents from the "library of Dantech documents" maintained by Larry Wilson, (3) documents relating to the negotiation, drafting or execution of

1

Plaintiff placed the attorneys' fees "at issue" by claiming the fees as part of its damages. ECF. No. 32 at 4. In response, Plaintiff argues that the "at issue" doctrine does not apply and Plaintiff has not waived it attorney-client privilege in relation to its billing records. ECF. No. 35-1 at 3. Relying on *D'Onofrio v. Borough of Seaside Park*, Plaintiff argues that Defendant's request is premature because there has been no establishment of liability and "there is a possibility that full revelation of the billing statements may expose privileged information pertinent to the current [action]." ECF. No. 35-1 at 7 (quoting *D'Onofrio v. Borough of Seaside Park*, No. CIV. 09-06220, 2012 WL 6672303, at *3 (D.N.J. Dec. 20, 2012)).

## II. Standard

Decisions "regarding the scope and conduct of discovery, including whether to affirm the denial of a motion to compel discovery," are within the sound discretion of the court. *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 354 (3d Cir. 2003) (citing *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995) (quoting *Beard v. Braunstein*, 914 F.2d 434, 447 (3d Cir. 1990)). "In order to succeed on a motion to compel discovery, a party must first prove that

---

the settlement agreement between Plaintiff and OPCC, (4) documents relative to Plaintiff's claimed amounts for direct expenses by Plaintiff personnel who provided service and support to OPCC, and (5) a new and proper privilege log. After hearing arguments, the Court has decided that the Plaintiff had sufficiently responded to those requests.

2

it sought discovery from its opponent" in compliance with the Federal Rules of Civil Procedure. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995). Under Rule 37(a) of the Federal Rules of Civil Procedure, "a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request[s] or interrogatories." *Brown v. Camp Hill*, No. 3:CV-10-2612, 2017 WL 3868501, at *1 (M.D. Pa. Sept. 5, 2017).

### III. Discussion

"[A] party seeking attorney's fees has the burden [of] prov[ing] that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). "To meet [this] burden, the [party] must submit evidence supporting the hours worked and the rates claimed" with "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and hours spent by various classes of attorneys . . . ." *Id.* at 1183, 1190 (quoting *Hensley v. Eckerhart*, 461 U.S. 421, 433 (1983) and *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)).

The "at issue" doctrine provides that "when a party to a lawsuit puts [privileged] information at issue by making it relevant to the case, and the application of the privilege would deny the opposing party access to information

3

vital to its defense, the party has waived the privilege." *Id.* at *3. The court in *D'Onofrio* rejected defendant's argument that the "at issue" doctrine applied simply because plaintiff had asserted a damages claim for attorneys' fees and costs. *Id.* at *4. The court recognized that, in actions for indemnification where the prior underlying action has been resolved, some courts have found that the 'at issue' doctrine may allow discovery of privileged documents because the plaintiff is required to show that the settlement and fees were reasonable. *Id.* at * 5 (citing *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002) and *Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 152 (D.C. Cir. 1997) (holding that "by claiming indemnification of attorney's fees from [defendant] and offering the billing statements as evidence of the same, [plaintiff] waived its attorney-client privilege with respect to the redacted portions of the billing statements and any other communications going to the reasonableness of the amount of the fee award").

However, the *D'Onofrio* court held that, although "Plaintiff ultimately [may have to] present full, unredacted billing statements in order to fairly and clearly justify an award of damages," it did not have to do so until liability had been established, as "there is the possibility that full revelation could expose privileged information pertinent to the current [action]." *D'Onofrio*, 2012 WL 6672303, at *5. Instead, the court in *D'Onofrio* upheld the Magistrate Judge's Letter Order, which

4

provided that the Plaintiff did not have to produce unredacted billing statements, but rather "provide detail summaries of legal bills along with attorney certifications verifying that the numbers reflected in the summaries include only services rendered for litigation concerning" that matter. *Id.* at *17.

Here, applying the reasoning from *D'Onofrio*, the Court will not require Plaintiff to provide full, unredacted bill statements at this stage of the proceedings. Rather, the Court will require Plaintiff to provide detailed summaries of legal bills along with attorney certifications verifying that the numbers reflected in the summaries include only services rendered with respect to this matter. If liability is established, Plaintiff will be required to provide the attorneys' billing statements in full.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Compel Production of Documents and Answers to Interrogatories (ECF No. 32) is denied in part and granted in part. Defendant's Motion is denied as to Defendant's request for (1) all of Plaintiff's service reports for Defendant's equipment, (2) all documents from the "library of Dantech documents" maintained by Larry Wilson, (3) documents relating to the negotiation, drafting or execution of the settlement agreement between Plaintiff and OPCC, (4) documents relative to Plaintiff's claimed amounts for direct expenses by Plaintiff personnel who provided service and support to

5

OPCC, and (5) a new and proper privilege log. Defendant's request for attorneys' billing statements is granted, in that the Plaintiff will provide the Defendant with detailed summaries at this point and, if liability is established, Plaintiff will provide the statements in full.

BY THE COURT:

DATE: 6-13-2019

CHAD F. KENNEY, JUDGE

6